# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3154-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL J. CAMACHO,

     Defendant-Appellant.

_____

Submitted September 13, 2022 – Decided September 16, 2022

Before Judges Sumners and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-06-0724.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael J. Camacho appeals from a Law Division order denying his petition for post-conviction relief (PCR), alleging ineffective assistance of counsel, without an evidentiary hearing, as time-barred and lacking merit. He argues the PCR court erred in finding his petition was untimely and, because there is a genuine issue of material fact regarding counsel's ineffectiveness, the court should have conducted an evidentiary hearing. While we agree with defendant that his petition was timely filed, we affirm because we disagree that he established a prima facie case of ineffective assistance of counsel that warranted an evidentiary hearing.

Following a police investigation regarding sexual text messages that defendant, a Massachusetts resident, sent to a group of Ocean Township fifth-grade girls, he was indicted for second-degree luring or enticing a child, N.J.S.A. 2C:13-6; two counts of second-degree attempted endangering the welfare of a child, N.J.S.A. 2C:5-1(a) and 2C:24-4(b)(3); two counts of third-degree attempted endangering the welfare of a child and third-degree attempted obscenity to a minor. With the assistance of trial counsel, defendant entered into a plea agreement, pleading guilty to one count each of second-degree attempted endangering the welfare of a child, N.J.S.A. 2C:5-1(a) and 2C:24-4(b)(4), and third-degree attempted endangering the welfare of a child, N.J.S.A.

2C:5-1(a) and 2C:24-4(a)(1). The State agreed to dismiss the remaining charges. The State also agreed to recommend treating the second-degree charge as a third-degree charge for sentencing purposes and the imposition of a four-year prison term.

Trial counsel assisted defendant with the plea forms, wherein defendant acknowledged that he committed the offenses to which he was pleading guilty and understood the charges against him as well as the consequences of his guilty plea. In addition, defendant affirmed he was pleading guilty to a crime that contained a presumption of imprisonment. Defendant further indicated he was satisfied with the advice he received from counsel, and he did not have any questions regarding his plea.

In his plea colloquy, defendant stated he understood that because of his guilty plea, he was facing a total exposure of fifteen years in prison, but the State was recommending a sentence of only four years. Defendant also stated he was satisfied with his counsel, all his questions concerning the plea were answered, he spent enough time going over the forms with his counsel, and he did not have any additional questions for the court or his counsel. He confirmed that he was pleading guilty freely and voluntarily. He then provided a factual basis for his

guilty plea, which the trial court accepted. Defendant was later sentenced in accordance with the plea agreement.

Defendant appealed his sentence. We considered the challenge on our excessive sentencing calendar and affirmed, ruling that "the sentence [wa]s not manifestly excessive or unduly punitive and d[id] not constitute an abuse of discretion."

About two months later, defendant then filed a pro se PCR petition contending his sentence, placing him on parole supervision for life, was excessive punishment. He amended his petition, contending he was denied due process, had an excessive sentence, and trial counsel had a conflict of interest. Defendant's petition was supplemented by assigned PCR counsel. In an unsigned certification,[1] defendant contended his trial counsel provided ineffective assistance because he advised defendant, if he accepted the plea deal, he was likely be released almost immediately upon sentencing.[2] He also alleged trial counsel failed to investigate and did not review discovery.

---

[1] Although the certification was unsigned, the PCR court did not take that into consideration when assessing the merits of defendant's contention, choosing to address the merits of the assertions. We do likewise.

[2] Defendant was released from prison about twenty-two months after sentencing.

The PCR court, which had accepted defendant's plea and sentenced him, issued an order and written opinion denying PCR without an evidentiary hearing. The court found defendant "failed to present a prima facie showing of his claim of ineffective assistance of trial counsel[,] . . . . [and failed to show] how trial counsel's performance was deficient and how the alleged deficiency prejudiced his defense."

In addressing defendant's contention that his trial counsel failed to investigate the charges against him, the PCR court found it was a "bald assertion" because "[d]efendant ha[d] not alleged what counsel should have investigated or [should] have uncovered in an investigation." In rejecting defendant's argument that his trial counsel misled him by advising he would be released "almost immediately" if he pled guilty, the PCR court explained that his plea colloquy indicated he understood the consequences of his plea and he was satisfied with his representation. Given the amount of years defendant faced had he gone to trial, compared to his four-year sentence, the court determined defendant had not made a prima facie case for ineffective assistance, because "[t]here is no evidence to show there would have been a better outcome at trial."

In denying defendant's contention that trial counsel had a conflict of interest, the court found the argument was "a mere bald assertion" because there

was "no indication that there was a conflict of interest in this case." Lastly, as to defendant's argument that his sentence was excessive, the court determined that because defendant had previously litigated the merits of his sentence before an excessive sentencing panel, the issue was barred from PCR consideration under Rule 3:22-5.

Before us, defendant renews the arguments the PCR court rejected. He claims he was entitled to an evidentiary hearing because there were genuine issues of material facts regarding trial counsel's advice concerning when he would be released from prison, and counsel's failure to both investigate his potential defenses and review discovery.

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance of counsel has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a PCR claim does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). When

determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to a defendant to determine if a defendant has established a prima facie claim. Preciose, 129 N.J. at 462-63. A hearing should be conducted only if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. When claiming defense counsel inadequately investigated, a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (citing R. 1:6-6). In a PCR claim arising from a guilty plea, a petitioner must "show[] 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. O'Donnell, 435 N.J. Super. 351, 369-70 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

A-3154-20

Applying these principles, defendant's bald allegations failed to establish that had his trial counsel investigated or reviewed discovery, it would have benefited his defense and resulted in a more favorable outcome than the plea agreement he reached with the State. The PCR record does not demonstrate there was a reasonable probability, but for counsel's alleged errors, defendant would not have pled guilty and would have insisted on a trial, or his decision to reject a plea bargain of a four-year sentence would have been rational.

On our excessive sentencing calendar, we did not previously decide defendant's claim of ineffective assistance of counsel that his trial counsel erroneously assured him he would be released almost immediately upon entry of a guilty plea. Thus, we disagree with the PCR court's finding that the claim was barred under Rule 3:22-5, which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings."

In his excessive sentencing appeal, defendant contended the trial court failed to consider certain mitigating factors which would have resulted in a lighter sentence. In his PCR petition, however, he contended counsel was ineffective in giving incorrect advice regarding his prison release date. Thus,

our denial of the excessive sentence appeal did not bar defendant from raising a PCR claim alleging counsel's mis-advice concerning his sentence. Nevertheless, the claim is without merit because it is nothing more than a bald assertion, and there is no evidence in the record suggesting defendant would not have pled guilty and insisted on going to trial had he known he would not have been released from prison until some twenty-two months after he was sentenced.

Because defendant has not shown a prima facie claim of ineffective assistance, the PCR court's order denying him an evidentiary hearing was correct.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3154-20